IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WENDY'S OF BOWLING GREEN, INC., et al. | ) ) |
| | ) NO. 3-10-1043 |
| v. | ) JUDGE CAMPBELL |
| | ) |
| MARSH USA, INC. | ) |

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 17) the Intervening Complaint filed by Shirley Malchow (Docket No. 13). For the reasons stated herein, Defendant's Motion is GRANTED, and the Intervening Plaintiff's claims against Defendant are DISMISSED.

FACTS

This action was filed by Plaintiff Wendy's of Bowling Green, Inc. against Defendant Marsh USA, Inc. for breach of an insurance contract, breach of fiduciary duty, negligence and alleged violations of the Tennessee Consumer Protection Act. Docket No. 1. The Complaint alleges that Plaintiff contracted with Defendant to be Plaintiff's insurance broker for all insurance policies on Plaintiff's properties. Plaintiff asserts that it relied upon Defendant to procure, among other things, flood insurance for its Riverside Wendy's location in Clarksville, Tennessee.

Plaintiff's Complaint avers that in May of 2010, the Riverside Wendy's was destroyed in the record floods in Middle Tennessee. Plaintiff asserts that its claim for insurance coverage was denied for failure to pay the flood insurance premium, and Plaintiff has received no payment for its loss. Plaintiff asserts that Defendant is responsible for the failure to procure flood insurance and alleges the specific causes of action set forth above.

On January 19, 2011, Plaintiff's landlord at the Riverside Wendy's property, Shirley Malchow, filed an Intervening Complaint (Docket No. 13) herein. Malchow asserts that Defendant

Marsh knew or should have known of her insurable interest in the property and failed to protect that interest. Malchow alleges the same causes of action as Wendy's does - - breach of contract, breach of fiduciary duty, negligence and violations of the Tennessee Consumer Protection Act - - against Defendant.

Defendant has moved to dismiss Malchow's Intervening Complaint, arguing that Malchow is neither a party to nor a third party beneficiary of any contract with Defendant, thereby precluding her breach of contract claim. Defendant also asserts that Plaintiff has not pled facts to show that Defendant had any duty whatsoever to Malchow, thereby precluding her breach of fiduciary duty and negligence claims. Finally, Defendant maintains that Malchow has failed to sufficiently plead her claim for violations of the Tennessee Consumer Protection Act.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

DISCUSSION

Malchow contends, with no citation to authority, that Wendy's insurable interests would include the interests of Wendy's landlord. Docket No. 20. Yet Wendy's was the insured, and Wendy's was the customer of Defendant, not Malchow. The question before the Court on this Motion is not whether Defendant had a contract with or owed a duty to Wendy's. The issue is whether Malchow has sufficiently alleged in her Intervening Complaint that Defendant had a contract with or owed a duty to Malchow.

Although Malchow alleges in her Complaint that she is a third party beneficiary of the contract between Plaintiff and Defendant, she has cited no document or writing to support that conclusion. As noted above, on a motion to dismiss, a legal conclusion couched as a factual allegation need not be accepted as true. She avers that she was a third party beneficiary of the insurance broker agreement between Plaintiff and Defendant, but she has cited no provision of that agreement (which is attached to the original Complaint) which states that she is such a beneficiary.

Malchow contends that Plaintiff was required by the terms of its lease agreement with her to list Malchow as an additional insured under the terms of any insurance policy covering the Riverside Wendy's property, but that is a duty of Plaintiff to her, not of Defendant to her. She does not allege that there is any insurance policy naming her as an additional insured.

Malchow argues that Defendant recognized her as an "additional insured" by issuing Certificates of Insurance with her name as "certificate holder." The Certificates of Insurance (which are attached to the Intervening Complaint) do not name Malchow as an additional insured. They both state: "This certificate is issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the

policies below." *Id.* Furthermore, the Certificate of Insurance states: "Should any of the above described policies be cancelled before the expiration date thereof, the issuing insurer will endeavor to mail 30 days written notice to the certificate holder named to the left, but failure to do so shall impose no obligation or liability of any kind upon the insurer, its agents or representatives." *Id.*

The Intervening Complaint alleges that Defendant "had a duty" to notify Malchow that the flood insurance premiums had not been paid. Again, a legal conclusion couched as a factual allegation need not be accepted as true. Malchow has not alleged any document or agreement between herself and Defendant from which that duty would have arisen. The Intervening Complaint claims that Malchow "had the right" to be notified of any potential cancellation of insurance; yet she does not explain how that right in fact arose. The Intervening Complaint contends that Defendant owed Malchow a fiduciary duty; yet, she has not alleged any document, agreement or relationship between herself and Defendant from which such a duty would have arisen. The Intervening Complaint also asserts that Defendant owed Malchow a duty of reasonable care in procuring the insurance for Plaintiff. Again, Malchow has failed to show the basis for such a duty to her, as opposed to an alleged duty from Defendant to Plaintiff.

In her Response to the pending Motion, Malchow contends that the Certificates of Insurance attached to her Intervening Complaint identify her as an additional insured, but the documents make no such identification. Docket No. 13, Ex. 3. In her Response, Malchow also argues that Plaintiff's insurable interests include Malchow; but she cites nothing in fact or law to support that assertion. Malchow asserts that a broker owes certain duties to its customer, but nowhere in the Intervening Complaint or her Response brief does she contend that she was a customer of Defendant or had any

4

broker/client relationship with Defendant. Malchow alleges that a broker owes certain duties to its principal, but she never asserts that she was Defendant's principal.

Finally, the Intervening Complaint asserts that Defendant violated the Tennessee Consumer Protection Act ("TCPA") "in committing the acts complained of herein." Docket No. 13, ¶ 38. As set forth herein, Malchow has failed to state an actionable claim for "the acts complained of" in her Intervening Complaint. In any event, Count 4 of her Intervening Complaint merely recites portions of the prohibited acts under the TCPA, without facts to support the allegations. *Id*. Once again, the Court is not required to accept legal conclusions in the Complaint as true.

## CONCLUSION

For all these reasons, Defendant's Motion to Dismiss the Intervening Complaint (Docket No. 17) is GRANTED, and the Intervening Plaintiff's claims against Defendant are DISMISSED.

IT IS SO ORDERED.

                                                          TODD J. CAMPBELL
                                                          UNITED STATES DISTRICT JUDGE