IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WENDY'S OF BOWLING GREEN, )
INC. )
)  NO. 3-10-1043
v. ) JUDGE CAMPBELL
)
MARSH USA, INC. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 30). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

FACTS

Plaintiff owns and operates a chain of Wendy's restaurants in Kentucky and Tennessee. Defendant was selected by Plaintiff to be Plaintiff's insurance broker in 2009. Docket No. 43, ¶ 4. Plaintiff claims it also selected Defendant to be its risk manager. *Id*. This dispute arises from the record floods in Middle Tennessee in May of 2010, which caused losses and damage to one of Plaintiff's restaurants in Clarksville, Tennessee, for which insurance coverage was denied. Defendant asserts that Plaintiff's losses were not covered because Plaintiff had failed to pay the flood insurance policy premium.

The parties entered into a 2010 Brokerage Services Agreement in early 2010. Docket No. 43, ¶ 4. At the time, Plaintiff was insured for flood damage with FEMA. *Id*., ¶ 8. Defendant suggested that Plaintiff "rollover" its flood insurance policy to American Bankers Insurance Company of Florida ("ABIC"). *Id*., ¶ 9. As part of the submission to ABIC, Defendant sent ABIC a copy of Plaintiff's FEMA declarations page which included an incorrect address for Plaintiff. *Id*., ¶¶ 10-11. Plaintiff alleges that Defendant instructed Plaintiff not to pay the premium to renew the FEMA flood insurance policy. Docket No. 7, ¶ 33.

On January 27, 2010, ABIC issued an invoice for the flood insurance policy to Plaintiff but sent it to the wrong address. Docket No. 43, ¶¶ 12-13. That invoice was returned to ABIC from the U.S. Post Office. *Id.*, ¶ 17. On January 28, 2010, Defendant sent a copy of the invoice via e-mail to Plaintiff. Plaintiff admits receiving the January 28th e-mail, but Plaintiff claims the attachment to this e-mail was not an invoice but, rather, was an "image copy" with missing information, such as the reverse side of the actual paper invoice. *Id.*, ¶¶ 14 and 16.[1] Plaintiff's employee claims that she was waiting for a paper copy. *Id.*, ¶ 15.

Defendant avers that ABIC generated and sent, to the correct address, another invoice for the flood insurance policy on March 2, 2010, and that invoice was never returned to ABIC. Docket No. 43, ¶¶ 20 and 22. Plaintiff asserts that it never received either the January 27th or the March 2nd invoice. *Id.*, ¶ 24.[2] It is undisputed that the premium on the ABIC flood insurance policy for Plaintiff's property was never paid until after the flood. *Id.*

Plaintiff alleges that Defendant breached its agreement with Plaintiff by failing to use its best efforts to place flood insurance on the subject property, that Defendant breached its fiduciary duty to Plaintiff, that Defendant was negligent with regard to the flood insurance on Plaintiff's property,

---

[1] The e-mail from Defendant to Plaintiff stated, among other things, that Plaintiff was to remit payment directly to American Bankers and to confirm payment to Defendant. Docket No. 43, ¶ 15; *see also* Docket No. 30-6. Part of the e-mail which apparently was sent from ABIC to Defendant and forwarded to Plaintiff stated: "Attached is a copy of the invoice(s) and in 5 to 7 days American Bankers will send the original(s) directly to the insured with a copy to your office. Please remit payment directly to American Bankers along with the invoice(s)." *Id.*

[2] Plaintiff has presented evidence that Ms. Meador, Defendant's employee, was informed on March 4, 2010, and March 15, 2010, that the premium on Plaintiff's flood insurance had not been paid. Docket No. 30-3, pp. 144-45; Docket No. 30-14.

2

and that Defendant violated the Tennessee Consumer Protection Act ("TCPA"). Defendant seeks summary judgment on all of Plaintiff's claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Pennington*, 553 F.3d at 450; *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986)).

## CONFLICT OF LAWS

Defendant asserts that New York law governs Plaintiff's breach of contract and breach of fiduciary duty claims, based upon a provision of the 2010 Brokerage Agreement between Plaintiff

3

and Defendant. Plaintiff argues that Tennessee law applies to all claims except the breach of contract claim.

The 2010 Brokerage Services Agreement provides: "The laws of the State of New York govern this Agreement." Docket No. 30-2, ¶ 8. Plaintiff has admitted that the laws of New York, per the above quoted paragraph, would govern the interpretation, enforcement and performance of the parties under the agreement. Docket No. 47-1, p. 8. The Court finds that Plaintiff's claims for breach of contract and breach of fiduciary duty are governed by New York law. Plaintiff's negligence claim[3] and TCPA claim are governed by Tennessee law. Tenn. Code Ann. § 47-18-113(b).

BREACH OF CONTRACT

Under New York law, to establish a claim for breach of contract, a plaintiff must show the existence of a contract, the plaintiff's performance pursuant to that contract, the defendant's breach of its obligations pursuant to the contract, and damages resulting from that breach. *Elisa Dreier Reporting Corp. v. Global Naps Networks, Inc.*, 921 N.Y.S.2d 329, 333 (N.Y. App. Div. 2011). An insurance agent may be held liable, based upon either breach of contract or tort, for neglect in failing to procure insurance. *Herdendorf v. Geico Ins. Co.*, 909 N.Y.S.2d 277, 279 (N.Y. App. Div. 2010).

Defendant contends that it complied with the terms of the contract by obtaining a flood insurance policy for Plaintiff and forwarding the January 27th invoice by e-mail to Plaintiff for payment. Plaintiff argues that Defendant failed to use reasonable diligence in placing the insurance, failed to make full and complete disclosure of facts that would have benefitted Plaintiff, submitted

---

[3] As explained below, there is no cause of action for negligent breach of contract under either New York or Tennessee law.

4

inaccurate information to the insurer, and failed to notify Plaintiff that the premium had not been paid. Plaintiff further asserts that Defendant was required to use its best efforts to "place" insurance for Plaintiff, which is not completed until the premium is paid.

The Court finds that there are genuine issues of material fact as to whether Defendant reasonably used its best efforts, as required by the contract, to place flood insurance for Plaintiff, whether Defendant accurately transmitted information for submission to the insurer, and whether Defendant breached any reasonable duties under its agreement with the Plaintiff.

For example, whether Plaintiff ever received the March 2, 2010 invoice is a disputed issue of fact, dependent upon which person the jury believes. In addition, Plaintiff claims that Defendant knew about the invoice to Plaintiff that was returned to the insurer because of an incorrect address and unreasonably failed to advise Plaintiff of that problem. Whether these and other actions and omissions breached Defendant's contractual obligations to use its best efforts are questions for the trier of fact.

Defendant also argues, albeit in a later section of its brief, that Plaintiff has failed to show that it suffered any damages (the final element in a breach of contract action). Defendant asserts that Plaintiff has been fully compensated for this loss.[4]

The measure of damages for breach of contract, under New York law, is usually such amount as will repay the plaintiff for the money loss which it has suffered because of the failure of the defendant to do as it agreed. *Cianciotto v. Hospice Care Network*, 927 N.Y.S.2d 779, 785 (N.Y. Dist. Ct. 2011). Damages in an action for breach of contract are intended to restore the injured party

---

[4] Defendant analyzes this argument under New York law, and Plaintiff analyzes it under Tennessee law.

to the position it would have been in had the contract been fully performed. *MBIA Ins. Corp. v. Credit Suisse Securities (USA) LLC,* 927 N.Y.S.2d 517, 535 (N.Y. Sup.2011).[5]

If a jury finds that Defendant breached its contract with Plaintiff, causing Plaintiff damages, then the extent to which Plaintiff reasonably attempted to mitigate its damages, and also what money it would take to place Plaintiff in the same position it would have been in if the contract had not been breached are questions for the trier of fact, precluding summary judgment on this issue as well.

Accordingly, Defendant's Motion for Summary Judgment on the breach of contract claim is denied.

## BREACH OF FIDUCIARY DUTY

Under New York law, the implied covenant of good faith and fair dealing inheres in every contract. *Travellers International, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1575 (2d Cir. 1994). However, the covenant of good faith cannot be used to impose obligations that were not explicitly part of the agreement. *Vetromile v. JPI Partners, LLC*, 706 F.Supp.2d 442, 454 (S.D. N.Y. 2010). To state a cause of action for breach of the implied covenant of good faith and fair dealing, a plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff. *Id.* at 455. The covenant of good faith is breached when one party acts to deprive the other of the right to receive the benefits under the agreement. *Id.* at 454.

---

[5] Similarly, under Tennessee law, the purpose of assessing damages in a breach of contract suit is to place the plaintiff, as nearly as possible, in the same position he would have had if the contract had been performed. *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535, 541 (Tenn. Ct. App. 2005); *Mize v. Consulo*, 2011 WL 6152980 at * 5 (Tenn. Ct. App. Dec. 8, 2011).

6

New York generally does not recognize a fiduciary or special relationship between an insurance broker and the insured. *Globalnet Financial.com, Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 386 (2d Cir. 2006). The law is reasonably settled in New York that insurance agents have a common law duty to obtain requested coverage for their clients within a reasonable time or inform the client of the inability to do so; however, they have no continuing duty to advise, guide or direct a client to obtain additional coverage. *Bruckmann, Rosser, Sherrill & Co. v. March USA, Inc.,* 885 N.Y.S.2d 276, 278 (N.Y. App. Div. 2009). "Thus, absent a special relationship, a claim for breach of fiduciary duty does not lie." *Id.*

The Court finds that Plaintiff has failed to show such a special relationship or that Defendant sought to prevent performance of the contract or to withhold its benefits from Plaintiff. Although there may be a breach of contract, Plaintiff has failed to state a claim for breach of fiduciary duty in these circumstances under New York law. Accordingly, Defendant's Motion for Summary Judgment is granted on this issue, and Plaintiff's breach of contract claim is dismissed.

## NEGLIGENCE[6]

Plaintiff alleges that Defendant failed to use ordinary or reasonable care in procuring Plaintiff's flood insurance policy, in transmitting Plaintiff's correct mailing address to the insurer, in monitoring the state of the flood insurance coverage on Plaintiff's property, and in promptly informing Plaintiff of any problems with the flood insurance policy on that property. Docket No. 7 (Amended Complaint), ¶ 78. Defendant argues that it had no duty to alert Plaintiff of Plaintiff's own failure to pay the premium for the flood insurance and the resulting lapse in coverage.

---

[6] At the election of the client, an agent who fails to procure insurance as promised may be sued for breach of contract or for negligence. *Morrison v. Allen*, 338 S.W.3d 417, 451 (Tenn. 2011).

7

To the extent Plaintiff alleges breach of a duty outside the contract,[7] Tennessee law requires Plaintiff, in order to prove negligence, to show (1) the existence of a duty from the defendant to the plaintiff, (2) breach of that duty, and (3) an injury to the plaintiff as a result of the breach. *Menuskin v. Williams*, 145 F.3d 755, 765 (6th Cir. 1998).[8] The parties both assert that whether Defendant owed Plaintiff a duty is a question of law.

An insurance broker can be held liable in negligence if he or she fails to exercise due care in an insurance brokerage transaction. *Morrison v. Allen*, 338 S.W.3d 417, 451 (Tenn. 2011). It is well settled that there are certain situations in which insurance brokers owe their clients a duty of care. *Wood v. Newman, Hayes & Dixon Ins. Agency*, 905 S.W.2d 559, 562 (Tenn. 1995). For example, recovery could be allowed under the theory of negligence if the agent fails to use reasonable care and diligence in continuing the insurance, obtaining the insurance, or notifying the client in a timely manner that the insurance cannot be obtained. *Id.*; *Morrison*, 338 S.W.3d at 451.

What constitutes due care under these circumstances and whether Defendant breached that duty of due care are disputed issues for the trier of fact. Defendant's Motion for Summary Judgment on Plaintiff's negligence claim is denied.[9]

---

[7] There is no cause of action for negligent breach of contract under either New York or Tennessee law. *Weiss v. LaSuisse*, 69 F.Supp.2d 449, 462 (S.D. N.Y. 1999); *Landon v. Kroll Laboratory Specialists, Inc.*, 934 N.Y.S.2d 183, 187-88 (N.Y. App. Div. 2011); *Calipari v. Powertel, Inc.*, 231 F.Supp.2d 734, 736 (W.D. Tenn. 2002);*Morrison*, 338 S.W.3d at 451.

[8] New York law is the same. *Stukas v. Streiter,* 918 N.Y.S.2d 176, 180 (N.Y. App. Div. 2011).

[9] Any allocation of fault in line with Defendant's argument concerning comparative fault would also be a question for the trier of fact to decide under either New York law or Tennessee law. *Fogel v. Rizzo,* __ N.Y.S.2d __, 2012 WL 149630 at * 1 (N.Y. App. Div. Jan. 17, 2012); *Timmons v. Metropolitan Gov't of Nashville and Davidson County*, 307 S.W.3d 735, 745 (Tenn. Ct. App. 2009).

TENNESSEE CONSUMER PROTECTION ACT

Plaintiff contends that Defendant willfully violated the TCPA by engaging in unfair or deceptive acts or practices. The TCPA provides that any person who suffers a loss of money or property as a result of another person's unfair or deceptive acts declared unlawful by the TCPA may bring an action to recover actual damages against the offending person. Tenn. Code Ann. § 47-18-109(a)(1). The TCPA applies to the acts and practices of insurance companies. *Johnson v. John Hancock Funds*, 217 S.W.3d 414, 422 (Tenn. Ct. App. 2006); *Fulton Bellows, LLC v. Federal Ins. Co.,* 662 F.Supp.2d 976, 997 (E.D. Tenn. 2009).

The TCPA forbids unfair or deceptive acts or practices affecting the conduct of any trade or commerce. Tenn. Code Ann. § 47-18-104(a); *Poole v. Union Planters Bank*, 337 S.W.3d 773,786 (Tenn. Ct. App. 2010). A deceptive act or practice is one which causes or tends to cause a consumer to believe what is false or that misleads or tends to mislead a consumer as to a matter of fact. *Id*. An unfair act or practice is one that, while not necessarily deceptive, is likely to substantially injure consumers, is not reasonably avoidable by consumers, and is not outweighed by competing benefits to the consumer market. *Id.* The determination of whether a defendant has committed unfair or deceptive acts is a question of fact. *Id.*[10]

In order to recover under the TCPA, a plaintiff must prove: (1) that the defendant engaged in an unfair or deceptive act or practice declared unlawful by the TCPA and (2) that the defendant's conduct caused an ascertainable loss of money or property. *Tucker v. Sierra Builders*, 180 S.W.3d

---

[10] The *standards* for determining whether a representation is unfair or deceptive under the TCPA are legal matters to be decided by the courts, but whether a specific representation in a particular case is unfair or deceptive under those standards is a question of fact. *Tucker v. Sierra Builders*, 180 S.W.3d 109, 116 (Tenn. Ct. App. 2005).

9

Case 3:10-cv-01043 Document 61 Filed 02/03/12 Page 9 of 12 PageID #: 1892

109, 115 (Tenn. Ct. App. 2005). The defendant's conduct need not be willful or even knowing, but if it is, the TCPA permits the trial court to award treble damages. *Id.*

Plaintiff's Amended Complaint alleges that Defendant falsely advertised certain expertise, services, and levels of competence and skill concerning insurance. Docket No. 7. There are disputed issues of fact as to whether Defendant's advertising and representations were false or true, but the Court finds that these representations, concerning the character and quality of Defendant's work, were opinions set forth generally, more like "puffing."[11] These representations — that Defendant would offer specialized knowledge, specialized attention, and effective communication, e.g., — are general statements commending Defendant's offer of services to the public. The representation that Defendant would use best efforts to place insurance simply reflects a term of the agreement between the parties. Plaintiff has not shown that these statements were unfair or deceptive as defined in the TCPA.

In any event, Plaintiff has failed to show how any alleged false advertising or representations concerning the expertise, services, competence and skill of the Defendant are connected to and/or proximately caused Plaintiff's failure to recover for its flood losses. As stated above, the alleged misconduct must have caused an ascertainable loss to the Plaintiff. The Court finds that Plaintiff's contentions in this regard do not state a claim under the TCPA.

Plaintiff also alleges that Defendant misrepresented that it had assumed certain responsibilities and that it had taken certain actions with regard to Plaintiff's insurance. Docket No. 7. As to alleged misrepresentations about what Defendant had or had not done with regard to

---

[11] "Puffing" refers to loose general statements made by sellers in commending their products or services. *See, e.g., Daugherty v. Sony Electronics, Inc.*, 2006 WL 197090 (Tenn. Ct. App. Jan. 26, 2006).

10

Plaintiff's specific flood insurance, there are disputed issues of fact as to the reasonable duties of due care and whether Defendant breached those duties. But Plaintiff has failed to show that Defendant's alleged statements were more than a part of the alleged breach of contract. A breach of contract is not in and of itself a deception, misrepresentation or unfairness under the TCPA. *Hamilton County Emergency Communications District v. Orbacom Communications Integrator Corp.*, 2006 WL 120157 at * 9 (E.D. Tenn. Jan. 17, 2006). Even if Defendant's actions were a breach of contract or negligent, Plaintiff has failed to show that any representations were deceptive or unfair.

For these reasons, Defendant's Motion for Summary Judgment as to Plaintiff's TCPA claims is granted and those claims are dismissed.

## RIGHT TO A JURY TRIAL

Defendant argues that Plaintiff has no right to a jury trial of this dispute. The 2010 Brokerage Services Agreement provides that each party "knowingly, voluntarily, and intentionally waives its right to a trial by jury in any action or other legal proceeding arising out of or relating to this Agreement of any services provided by Marsh or its affiliates." Docket No. 30-2, p. 3.

Both parties requested a jury trial in this action. Docket Nos. 7 and 8. Plaintiff argues that Defendant has waived the right to rely on this provision of the Agreement by asking for a jury in its Answer. Fed. R. Civ. P. 38(d) states that a proper demand for a jury may be withdrawn only if the parties consent. Defendant may not now withdraw its request for a jury without Plaintiff's consent.

## CONCLUSION

For all these reasons, Defendant's Motion for Summary Judgment (Docket No. 30) is GRANTED in part and DENIED in part. Plaintiff's claims for breach of fiduciary duty and violations of the TCPA are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE